UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLEO P. SYLVESTER** | * | CA. No.: |
| | * | |
| **VERSUS** | * | JUDGE: |
| | * | |
| **DOLGENCORP, LLC** | * | MAGISTRATE: |
| **D/B/A DOLLAR GENERAL** | * | |
| | * | |

*********************************************************************

## NOTICE OF REMOVAL

TO:  The Honorable Judges of the
United States District Court for the
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes defendant, DG Louisiana, LLC (incorrectly referred to in the Petition as Dolgencorp, LLC d/b/a Dollar General) ("Dollar General"), which hereby files this Notice of Removal of the above captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby removes this matter to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction, 28 U.S.C. § 1332 and avers as follows:

### I.

Plaintiff, Cleo Sylvester, a person of the age of majority and domiciled in the Parish of St. Bernard, State of Louisiana who, according to her Petition for Damages, suffered injuries and damages on or about September 16, 2016 as a result of a slip and fall at the Dollar General.[1]

### II.

On September 14, 2017, Plaintiff filed a Petition for Damages in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The state court action was assigned Docket

---

[1] *See Petition for Damages, attached hereto as Exhibit 1.*

No. 17-1193, Division "B" and is captioned *Cleo P. Sylvester v. Dolgencorp, LLC d/b/a Dollar General,* on the docket of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

## BASIS FOR REMOVAL

### III.

Dollar General was served with the Petition for Damages on September 25, 2017. Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

### IV.

1. Plaintiff, Cleo Sylvester, is a citizen of Louisiana;[2]
2. DG Louisiana, LLC is a single member foreign limited liability company. The sole member of DG Louisiana, LLC is Dollar General Corporation. Dollar General Corporation is incorporated in the State of Tennessee, and has its principal place of business in the State of Tennessee. Accordingly, Dolgencorp, LLC is a citizen of the State of Tennessee.

## AMOUNT IN CONTROVERSY

### V.

Removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a). In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that a plaintiff not petition for a specific

---

[2] See Exhibit 1.

monetary amount. La. C.C.P. art. 893(A)(1). However, La. C.C.P. article 893 does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount *is required.*" (emphasis added). There is no such assertion in Plaintiff's Petition for Damages.

## VI.

A defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). Instead, a defendant needs to prove only that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. Also, a removing attorney may support federal jurisdiction by setting forth facts in controversy that support a finding of the required amount in controversy. *Garza v. Bettcher Indus. Inc.,* 752 F. Supp. 753, 763 (E.D. Mich. 1990).

## VII.

As shown below, this case was not removable within 30 days of receipt of the plaintiff's petition, because, at that time, the amount in controversy did not exceed $75,000.00. Instead, this case became removable after the defendant's receipt of "other paper," namely, the transcript of the

3

plaintiff's deposition, as permitted under 28 U.S.C. 1446(b)(3), and this Notice of Removal is timely, as it is filed within 30 days of receipt of such "other paper." Defendant received the deposition transcript on September 12, 2018.

## VIII.

Dollar General submits that this case was not removable until the plaintiff was deposed on September 6, 2018. Mrs. Sylvester's testimony revealed that the nature and extent of the injuries at issue were much more significant than alleged in her Petition and written discovery responses, hence showing that the amount in controversy now exceeds $75,000.00, exclusive of interest and costs.

## IX.

In support of its position, Dollar General shows the following:

### (a)

In the Petition for Damages, Plaintiff alleged what appeared to be soft tissue injuries to her neck and back, and sought damages for physical and mental pain and suffering and related medical expenses. Plaintiff did not assert a claim for lost wages or a loss of earning capacity in the complaint. Because the Petition did not affirmatively reveal on its face that Mrs. Sylvester was seeking in excess of $75,000, Defendant did not have a sufficient basis to remove the case at that time.

### (b)

On September 22, 2017, Defendant sent letter and sent a form stipulation to Plaintiff's counsel regarding the amount in controversy. Plaintiff's counsel did not respond to the letter or sign the stipulation. Defendant did not have a basis to remove the case at that time based on *Russell v. Home State Country Mut. Is. Co.*, 244 F.Supp.2d 669, 671-72 (2003), wherein this Court held that an unanswered letter from defense counsel and unsigned stipulation do not constitute "other paper" under 28 U.S.C. 1446(b)(1).

**(c)**

Following the filing of a Motion to Compel, Plaintiff finally provided her written discovery responses to the defendant on April 4, 2018.[3] Therein, Plaintiff described injuries to her back, legs, left hip, neck, and left shoulder. Plaintiff stated that she had received, and was continuing to receive, chiropractic treatment. No other doctors or treatment were identified in her discovery responses, and no medical records or reports were produced therewith.[4] Based on plaintiff's discovery responses, the injuries did not appear too severe as the only treatment plaintiff had received was with a chiropractor. Hence, Defendant did not remove the case at that time since it was still not apparent that the amount in controversy exceeded $75,000.00.

**(d)**

Defendant thereafter issued subpoenas to obtain Plaintiff's medical records. Defendant received Plaintiff's records from Shoemaker Chiropractic on or about May 11, 2018.[5] The records indicated that Plaintiff received chiropractic treatment from the time of the accident through the present.[6] As of May 3, 2018, the last date of treatment documented in the records, the chiropractor noted that "it is my clinical opinion that chiropractic management should continue," which was one rehab session every two weeks.[7]

Plaintiff's records contained two lumbar MRIs. The initial MRI was taken in 2014 in conjunction with plaintiff's treatment for lumbar injuries sustained in a fall from a stage in 2013.[8]

---

[3] *See Exhibit 2, Plaintiff's Answers to Interrogatories.*

[4] *Please note that although plaintiff's discovery responses refer to records and bills attached to the responses, no such documents were produced therewith.*

[5] *See Exhibit 3, Subpoena Return from Shoemaker Chiropractic.*

[6] *Id. at pp. 2-5.*

[7] *Id. at p. 83.*

[8] *See Exhibit 4, Lumbar MRI Report, dated 5/8/2014.*

The second MRI, dated October 16, 2017,[9] taken in conjunction with plaintiff's treatment following the subject accident, essentially showed the same degenerative changes as the 2014 exam, but also show progression of the degeneration and a "very small left foraminal disc protrusion at the L2-3 level." The radiologist, however, did not mention the disc protrusion in his summary of findings in the MRI report, presumably due to its insignificance. Regardless, as of May 3, 2018, it was noted that plaintiff would continue treating with the chiropractor once every two weeks. Accordingly, Defendant did not believe it had a sufficient basis to remove the case based on plaintiff's medical records.

**(e)**

When Mrs. Sylvester was deposed on September 6, 2018, she testified that her condition has not improved with chiropractic care. She continues to have significant pain in her neck and shoulder, which radiates down her arm.[10] Plaintiff testified that the pain in her back is constant, and radiates to both legs.[11] Plaintiff testified that the chiropractor is arranging for her to see a specialist since his treatment is not providing any relief.[12] Plaintiff also testified that the injuries sustained in the 2013 accident were fully resolved as of the time of the subject accident in 2016.[13]

Accordingly, on September 6, 2018, Defendant learned that there are no pre-existing injuries at issue and that more extensive treatment is planned in the near future. This includes an appointment with a neurosurgeon. Based on Plaintiff's testimony, Defendant believes that plaintiff could, more likely than not, recover in excess of $75,000.00, and therefore files this Notice of Removal.

---

[9] *See Exhibit 5, Lumbar MRI Report, dated 10/16/2017.*
[10] *See Exhibit 6, Transcript of Deposition of Plaintiff, pp. 54-56.*
[11] *Id.*
[12] *Id. at 53-54*
[13] *Id. at 20.*

## X.

Once the defendant has met its burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdictional amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit with their complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 412.

In this case, Mrs. Sylvester has not filed a binding stipulation.

## XI.

This Notice of Removal is timely under 28 U.S.C. § 1446(b)(3), as it is filed within thirty (30) days of the plaintiff's deposition, taken on September 6, 2018, and within 30 days of the defendant's receipt of the deposition transcript on September 12, 2018. In *Morgan v. Huntington Ingalls Inc.*, the Fifth Circuit adopted a bright-line rule that Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript. Accordingly, this matter became removable on September 12, 2018.

## XII.

The "one year" limitation on removal of diversity cases set forth in 28 U.S.C. § 1446(c)(1) does not preclude removal of this action because Plaintiff commenced this action on September 14, 2017, and thus, this Notice of Removal is timely.

## XIII.

The above captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446.

## XIV.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a).

## XV.

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## XVI.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court. Accordingly, defendant, DG Louisiana, LLC, requests that the above captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*

| **CERTIFICATE OF SERVICE** | Respectfully Submitted By: |
|---|---|
| I hereby certify that I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic transmission this the 13 September 2018.<br><br>          /s/ Anne E. Medo          | **DEUTSCH KERRIGAN, LLP**<br><br>By:      /s/ Anne E. Medo          <br>**SEAN P. MOUNT, #27584**<br>**smount@deutschkerrigan.com**<br>**ANNE E. MEDO, #24556**<br>**amedo@deutschkerrigan.com**<br>**LAUREN E. BRISBI, #29778**<br>**lbrisbi@deutschkerrigan.com**<br>755 Magazine Street<br>New Orleans, LA 70130<br>Telephone: 504-581-5141<br>Attorneys for Defendant, DG Louisiana, LLC (incorrectly referred to as Dolgencorp, LLC) |