34^(TH) JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

STATE OF LOUISIANA

NO. 2017-1193            DIVISION "B"

CLEO P. SYLVESTER

VERSUS

DOLGENCORP, LLC D/B/A DOLLAR GENERAL

FILED: _____     _____
                                                        DEPUTY CLERK

**PLAINTIFF'S RESPONSES TO DEFENDANT, DOLGENCORP, LLC,
d/b/a DOLLAR GENERAL'S INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW INTO COURT, through undersigned counsel comes plaintiff, **CLEO P. SYLVESTER**, who with respect answers defendant, **DOLGENCORP, LLC d/b/a DOLLAR GENERAL'S**, *Interrogatories and Requests for Production of Documents.*

**GENERAL OBJECTIONS**

Plaintiff, **CLEO P. SYLVESTER**, objects to the entirety of defendant, **DOLGENCORP, LLC d/b/a DOLLAR GENERAL'S**, discovery because the total number of interrogatories together with their subparts exceed the limitations contained in the Louisiana Code of Civil Procedure, Article 1457. Further, there has been no application by defendant, **DOLGENCORP, LLC d/b/a DOLLAR GENERAL**, for leave of court to exceed interrogatory numbers as limited by La. C.C.P, Art. 1457. However, without waiving said objection, and in the spirit of cooperation, plaintiff, **CLEO P. SYLVESTER**, has attempted to describe the facts as they presently are known to her at this preliminary stage of this action.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Have you enrolled in or applied for Medicare or Medicaid? If so, please state the date of application.

EXHIBIT 2

RESPONSE TO INTERROGATORY NO. 1:

Plaintiff contends she has never applied for Medicare and/or Medicaid.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 2:

Have you been deemed eligible for Medicare or Medicaid benefits? If so, please state:

    a.    Your Health Insurance Claim Number issued by Medicare or Medicaid;

    b.    The date you were deemed eligible for benefits;

    c.    The date that eligibility began;

    d.    All amounts paid by Medicare for medical expenses allegedly incurred as a result of the incident out of which this lawsuit or claim arises; and

    e.    All ICD-9 codes that relate to the injuries allegedly incurred as a result of the incident out of which this lawsuit or claim arises. For a list of codes, please visit: www.cms.hhs.gov/ICD9ProviderDiagnosticCodes/06 codes.asp

RESPONSE TO INTERROGATORY NO. 2:

Not applicable as plaintiff contends she has never applied to receive or been deemed eligible to receive Medicare and/or Medicaid benefits.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 3:

Have you applied for Social Security Disability benefits? If so, please state the date of application.

2

RESPONSE TO INTERROGATORY NO. 3:

Plaintiff contends she has never applied for Social Security Disability benefits.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 4:

If you have applied for Social Security Disability benefits, was your application ever denied? If so, please state:

    a.    The date of any denials;

    b.    The reason(s) for any denials; and

    c.    Whether or not you filed an appeal for any denials. If so, please state the data of the appeal and the outcome of the appeal.

INTERROGATORY NO. 4:

Not applicable as plaintiff contends she has never applied for Social Security benefits.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 5:

Were you ever awarded Social Security Disability benefits? If so, please state the following:

    a.    The date of award;

    b. Beginning date for benefits;

    c. Whether or not benefits are still being paid;

    d.    If benefits are no longer being paid, what was the termination date and why did they terminate; and

    e. What were the injuries that resulted in the award of Social Security Disability benefits.

RESPONSE TO INTERROGATORY NO. 5:

Not applicable as plaintiff contends she has never applied for and/or awarded to receive Social Security benefits.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 6:

Please state your full name, and any other names you have been known by, your date and place of birth, your marital status at the time of the accident, your present marital status, your present home address, and your Social Security Number.

RESPONSE TO INTERROGATORY NO. 6:

Full Name: Cleo Picquet Sylvester;

Date of Birth: August 26, 1962;

Place of Birth: New Orleans;

Marital Status at time of accident: Married;

Present Marital Status: Married;

Present Home Address: 5640 4th Street, Violet, LA 70092;

Social Security Number: 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

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 7:

Please describe, in detail, the injuries you sustained in the accident upon which this lawsuit is based and whether or not you would agree to furnish to me written authorization to obtain copies of medical and x-ray records from the hospital and persons referred to in your answers to these Interrogatories.

4

INTERROGATORY NO. 7:

Plaintiff contends she sustained injuries to her neck, lower back, left shoulder and left hip as a result of this said accident. Additionally, please refer to any and all medical records and itemized billing statements attached hereto for your review.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 8:

If you have fully recovered from any of said injuries state approximate date of recovery from each particular injury, and if you have not fully recovered, please state in what respects you are still affected by them.

RESPONSE TO INTERROGATORY NO. 8:

Plaintiff contends she has not yet recovered from the injuries she sustained as a result of this said accident and continues to suffer with left hip pain, severe back pain that radiates down both legs and excruciating pain in her neck that radiates to her left shoulder. Plaintiff further contends said injuries interferes with and/or prevents her from performing her daily tasks and/or participating in activities that she was once able to do and enjoyed to do prior to this said accident.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 9:

Please state the name and address of all hospitals, clinics, nursing homes or other institutions in which you have been confined or received outpatient treatment because of this incident.

RESPONSE TO INTERROGATORY NO. 9:

Plaintiff contends she has not received outpatient treatment from any hospitals, clinics, nursing homes and/or other institutions as a result of this said accident.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 10:

Please state the name and address of all doctors, therapists and/or practitioners who have rendered service to you, whether in the hospital or elsewhere, because of this accident, stating all dates on which service was rendered and describing in detail the general nature of treatment rendered by each person.

RESPONSE TO INTERROGATORY NO. 10:

Plaintiff contends she received medical treatment from the following doctors, therapists and/or practitioners for injuries sustained as a result of this said accident:

1.) Shoemaker Chiropractic
    221 W. Judge Perez Drive
    Chalmette, LA 70043
    Telephone: (504)271-6500
    Date(s) of Treatment: September 20, 2016- present;

2.) Doctors Imaging Services
    4204 Teuton Street
    Metairie, LA 70006
    Telephone: (504)883-8111
    Date(s) of Treatment: October 16, 2017

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 11:

Please itemize all medical specials or charges you have incurred as a result of this accident and would you attach copies of all medical reports, bills, etc., concerning your treatment

6

and/or examination of injuries you have received in this accident without the necessity of a request for production of documents.

RESPONSE TO INTERROGATORY NO. 11:

Plaintiff objects to *Interrogatory No. 11* in that it is premature. Plaintiff nor counsel for plaintiff have calculated damages as discovery in this matter is incomplete and ongoing at this time. Further, plaintiff has not yet received a final diagnosis and/or prognosis and is currently still receiving medical treatment for the injuries she sustained as a result of this said accident; however, without waiving said objections and in an effort to answer discovery, please refer to any and all itemized billing statements attached hereto for your review.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 12:

Please state the date of your last treatment by any doctor, therapist or practitioner and whether you have any future appointments to be seen any doctor, therapist or practitioner giving his/her name, address, telephone number and the date of said appointment.

RESPONSE TO INTERROGATORY NO. 12:

Plaintiff contends she is currently still receiving medical treatment from the following health care providers and/or facilities at least once a week:

    1.) Shoemaker Chiropractic
        221 W. Judge Perez Drive
        Chalmette, LA 70043
        Telephone: (504)271-6500
        Date(s) of Treatment: September 20, 2016- present

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the

trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 13:

If any x-rays were taken of you because of this accident for the purpose of diagnosis or treatment, please state where taken, by whom and the findings report.

RESPONSE TO INTERROGATORY NO. 13:

Plaintiff contends x-rays of her cervical and lumbar spine were taken on September 20, 2016 at Shoemaker Chiropractic. A copy of said report is attached hereto for your review.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 14:

If you are still under treatment for the injuries sustained in this accident, please state where, by whom and how frequently such treatments are given to you.

RESPONSE TO INTERROGATORY NO. 14:

Plaintiff contends she is currently still receiving medical treatment from the following health care providers and/or facilities at least once a week:

    1.) Shoemaker Chiropractic
        221 W. Judge Perez Drive
        Chalmette, LA 70043
        Telephone: (504)271-6500
        Date(s) of Treatment: September 20, 2016- present

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 15:

If you are confined to bed or confined to your home, but not to bed, as a result of this accident, please state the inclusive dates of such confinement.

RESPONSE TO INTERROGATORY NO. 15:

Plaintiff contends she was never confined to her bed and/or home as a result of this said accident.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 16:

Please state how long you were ill or disabled as a result of this accident, whether or not such illness or disability interfered with your normal employment or activities, and what you did during the period of such disability to affect a cure or alleviation thereof.

RESPONSE TO INTERROGATORY NO. 16:

Not applicable as plaintiff does not claim to have been ill and/or disabled as a result of this said accident.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 17:

Please state the name and address of all employers by whom you were employed at the time of the accident and for ten years preceding this accident, as well as stating for whom you have worked since the accident, specifying the nature of your employment with each.

RESPONSE TO INTERROGATORY NO. 17:

Plaintiff objects to Interrogatory NO. 17 in that it is irrelevant in that it seeks to gain information that reasonably calculated will not lead to the discovery of any admissible evidence as plaintiff is not making a claim for lost wages at this time.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 18:

If you are claiming loss of earnings from the employer because of this accident, please state the total amount of such loss and method of computation, the date you were absent from your employment, and the date you first returned to work after the accident.

RESPONSE TO INTERROGATORY NO. 18:

Plaintiff objects to Interrogatory NO. 18 in that it is irrelevant in that it seeks to gain information that reasonably calculated will not lead to the discovery of any admissible evidence as plaintiff is not making a claim for lost wages at this time.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 19:

If you were self-employed at the time of the accident, please state the date you were unable to engage in your self-employment by reason of this accident, and the amount you claim as lost income, earnings or other financial losses and the method of computation.

RESPONSE TO INTERROGATORY NO. 19:

Plaintiff objects to Interrogatory NO. 19 in that it is irrelevant in that it seeks to gain information that reasonably calculated will not lead to the discovery of any admissible evidence as plaintiff is not making a claim for lost wages at this time.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 20:

Please state whether you received your full or partial salary or income during the period of alleged disability. If so, give amounts and dates.

RESPONSE TO INTERROGATORY NO. 20:

Plaintiff contends she has never received full or partial salary and/or income during any periods of time for disability as a result of this said accident.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 21:

If you sustained any financial losses as a result of the accident, please state, in detail, the nature, dates and amounts of such additional losses.

RESPONSE TO INTERROGATORY NO. 21:

Plaintiff objects to Interrogatory No. 21 in that it is premature. Plaintiff nor counsel for plaintiff have calculated damages as discovery in this matter is incomplete and ongoing at this time. Further, plaintiff has not yet received a final diagnosis and/or prognosis and is currently still receiving

medical treatment for the injuries she sustained as a result of this said accident; however, without waiving said objections and in an effort to answer discovery, please refer to any and all itemized billing statements attached hereto for your review.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 22:

If you have ever been involved in any other accident of any kind before or after the accident upon which this suit is based, please state, in detail, the date of each accident, the injuries that were sustained, and if suit was filed, the Court and docket number of any suit which was instituted for the recovery of damages.

RESPONSE TO INTERROGATORY NO. 22:

Plaintiff contends she has never been involved in any other accidents of any kind either before and/or after this said accident.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 23:

If you ever suffered any injuries, sickness, disease or abnormality of any kind prior to the accident alleged in this action, involving any part of function of the body claimed in this suit to have been injured, please state when and describe the nature of said injury, sickness, diseases or abnormality.

RESPONSE TO INTERROGATORY NO. 23:

Plaintiff contends she has never suffered any injuries, sickness, disease or abnormality of any kind involving any part of

function of the body injured as a result of this said accident prior to the accident subject to this litigation.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 24:

If you have been seen by a doctor, chiropractor, nurse, psychologist, psychiatrist, dentist of any other medical persons or at a hospital, clinic or other medical facilities, either before or after this accident, for any injuries, accidents or reasons whatsoever, other than for the accident and injuries alleged in your Petition, please list the name, address and phone number of the person or place, the date of the visit and your reason for the visit.

RESPONSE TO INTERROGATORY NO. 24:

Plaintiff objects to Interrogatory No. 24 in that it is irrelevant in that it seeks to gain information reasonably calculated will not lead to the discovery of any admissible evidence; however, without waiving said objection and in the spirit of cooperation, plaintiff contends she saw the following health care providers and/or facilities either before or after this said accident:

    1.) Dr. Kristina Raveendran, MD
        Ochsner Baptist Internal Medicine
        2820 Napoleon Avenue
        New Orleans, LA 70115
        Telephone: (504)842-4960
        Reason(s) for visit(s): Primary Care Physician;

    2.) Dr. Veronica Gillispie
        Ochsner Baptist- Women's Health
        2700 Napoleon Avenue
        New Orleans, LA 70115
        Telephone: (504)842-4155
        Reason(s) for visit(s): Gynecology;

    3.) Dr. John Thien, MD
        St. Bernard Health Center Primary
        7718 W. Judge Perez Drive, #H

        Arabi, LA 70032
        Telephone: (504)281-2800
        Reason(s) for visit(s): blood pressure, flu/common cold

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 25:

Please state the name, home address and business address of all witnesses you intend to call to trial to establish any facts pertaining to the cause of the accident or acts of negligence by the defendants alleged in your Petition or Complaint, or upon whom you will rely to prove either liability or disability in this case.

RESPONSE TO INTERROGATORY NO. 25:

Plaintiff objects to *Interrogatory No. 25* in that it is premature as discovery has only just begun and neither plaintiff nor counsel for plaintiff have determined each and every person that may be called upon as an eye witnesses and/or expert witnesses at the trial of this matter. Further, any and all eye witnesses and/or expert witnesses that will be called upon to testify at the trial will be disclosed in accordance with any Pre-Trial Order issued by the Court in this matter. However, without waiving said objections, and in the spirit of cooperation, plaintiff may introduce and or utilize the following eye witnesses and/or expert witnesses:

    1.) Cleo P. Sylvester- Plaintiff
        5640 4th Street
        Violet, LA 70092
        Telephone: (504)419-4087;

    2.) Mindy McBride- Store Manager of Dollar General
        Store #11428
        5505 E. Judge Perez Drive
        Violet, LA 70092
        Telephone: (504)278-5700;

    3.) Mike Wiltz- District Manager of Dollar General
        Store #11428
        5505 E. Judge Perez Drive
        Violet, LA 70092

Telephone: (504)278-5700;

4.) Dollar General Risk Management
P.O. Box 1728
100 Mission Ridge
Goodlettsville, TN 37070-1728
Telephone: (615)855-5122;

5.) Any and all health care providers who treated plaintiff for injuries sustained as a result of this litigation;

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 26:

Please state whether or not you have consulted or retained or engaged the services of any expert in connection with this litigation, and for each expert consulted or retained or engaged or on whose opinion or testimony you intend to rely and job title, area of expertise, and the specific factual issue to which his opinion pertains.

RESPONSE TO INTERROGATORY NO. 26:

Plaintiff objects to Interrogatory NO. 26 in that it calls for information that is privileged, covered under attorney/client work product, and/or prepared in anticipation of litigation. However, without waiver of said objection, plaintiff has not consulted or retained the services of any expert in connection with this litigation at this time.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 27:

Please state specifically and with particularity how your accident occurred and the alleged acts of negligence that the defendant committed.

RESPONSE TO INTERROGATORY NO. 27:

Please refer to paragraphs III and V of plaintiff's Petition for Damages. Plaintiff contends on or about September 16, 2016, she was a guest and patron in the establishment known as DOLLAR GENERAL, STORE #11428, operated by DOLGENCORP, LLC D/B/A/ DOLLAR GENERAL, located at 5505 E. Judge Perez, in the Parish of St. Bernard, State of Louisiana. Plaintiff was entering the front door of the store when suddenly and without warning she slipped on a foreign substance present on the floor approximately one (1) to two (2) feet past the entry mat, causing her to violently fall onto her knees and left side of her body thus causing her injuries to her neck and back.

The foreign substance was observed to be water and/or a liquid water type substance that was scattered about the floor near the entryway. The door had been left open despite the fact that it was raining outside, and the water had not been cleared despite it being there long enough for other patrons to have walked through it. The site of the accident was within view of DOLGENCORP, LLC D/B/A/ DOLLAR GENERAL employees who were in the vicinity of the accident location and witnessed the fall. Additionally, the water or foreign substance that had accumulated was noticeable enough that employees noted multiple footprints in the substance at the site of the accident. Further, there were no warning signs in place to inform patrons, such as plaintiff, that the floor had this water or foreign substance on it and that the area should be avoided despite the fact that said employees either knew or should have known that the water or foreign substance was on the floor.

Plaintiff further contends, the accident was caused through the negligence of the defendant, DOLGENCORP, LLC D/B/A/ DOLLAR GENERAL, its agents and/or employees, in accordance with the following non-exclusive list of particulars to-wit:

A. By creating a hazardous condition and failing to remedy and/or protect customers by providing a safe passageway;

B. By maintaining a defective condition on their premises (a foreign substance present on the floor where customers traverse);

C. Failing to have proper and safe clean-up procedures of the establishment's floor despite the direct and/or constructive knowledge that the foreign substance was on the floor and that by not having proper and safe clean-up procedures that a foreign substance of that nature would occur and cause this injury;

D. Res Ipsa Loquitur

E. Respondent Superior;

F. Failing to post warning signs;

G. Inadequate and unreasonable clean-up procedures;

H. Failing to keep the floor clean after sufficient notice that said substance was on the floor for an extended period of time;

I. Failing to provide safe passageway;

J. By failing to properly maintain the floors in a safe condition;

K. Failing to inspect the floor and warn customers that there was a foreign substance on the floor after direct and/or constructive notice of its existence;

L. Any acts of negligence, which will be provided at the trial of this matter.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 28:

Please state whether you have retained true and correct copies of your income tax returns for the year of the accident and for the three years prior to the year of the accident, and if so, state your earnings as reported on each of those returns. Will you attach copies of said income tax returns without the necessity of filing a formal request for production of documents or will you authorize me to obtain such copies from the Internal Revenue Service?

RESPONSE TO INTERROGATORY NO. 28:

Plaintiff objects to *Interrogatory No. 28* in that it is irrelevant in that it seeks to gain information that reasonably calculated will not lead to the discovery of any admissible evidence as plaintiff is not making a claim for lost wages at this time.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 29:

Please state how long any alleged unreasonably dangerous condition at issue existed prior to the incident made the basis of the instant litigation.

RESPONSE TO INTERROGATORY NO. 29:

Please refer to plaintiff's response to *Interrogatory No.27* and paragraph III of plaintiff's Petition for Damages.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 30:

Please state any and all facts, data or information that you claim substantiates, corroborates or proves that defendant had either actual or constructive knowledge of any alleged unreasonably dangerous condition at issue prior to the incident made the basis of the instant litigation.

RESPONSE TO INTERROGATORY NO. 30:

Please refer to plaintiff's response to *Interrogatory No.27* and paragraph III of plaintiff's Petition for Damages. Additionally, please refer to plaintiff's customer incident report, a copy of which is attached hereto for your review.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

INTERROGATORY NO. 31:

Please describe in detail any condition or substance at issue and referenced in the Petition for Damages.

RESPONSE TO INTERROGATORY NO. 31:

Please refer to plaintiff's response to *Interrogatory No.27* and paragraph III of plaintiff's Petition for Damages. Additionally, please refer to plaintiff's customer incident report, a copy of which is attached hereto for your review.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

Please produce copies of all correspondence with Medicare, including the interim payment statements, conditional payment summary, Medicare final demand, and final lien negotiated amount.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Not applicable. Plaintiff is not a Medicare and/or Medicaid recipient.

Plaintiff reserves the right to supplement and/or amend this response as new or more information becomes available prior to the trial of this matter as discovery is incomplete and ongoing at this time.

REQUEST FOR PRODUCTION NO. 2:

Please provide copies of all medical expenses or bills that have been paid by Medicare.