UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLEO P. SYLVESTER                                CIVIL ACTION

VERSUS                                           NO. 18-8613

DOLGENCORP, LLC D/B/A DOLLAR                     SECTION "R" (2)
GENERAL

## **ORDER AND REASONS**

Before the Court is plaintiff's motion to remand because the Court does not have diversity jurisdiction over the action.[1] Because defendant's removal was untimely under 28 U.S.C. § 1446(b)(1), the action is remanded to state court.

## I.  BACKGROUND

This lawsuit arises out of plaintiff Cleo P. Sylvester's slip-and-fall at a Dollar General store.[2] On September 16, 2016, plaintiff allegedly entered the front door of a Dollar General located in St. Bernard Parish.[3] She alleges that she slipped on a "water and/or liquid water type substance" that was on the

---

[1]   R. Doc. 8.
[2]   *See* R. Doc. 1-1.
[3]   *Id.* at 1 ¶ 3.

floor approximately one to two feet past a mat positioned at the store's entryway.[4] Plaintiff allegedly fell "violently" onto her knees and then the left side of her body.[5] According to plaintiff, the Dollar Store employees either knew or should have known about the dangerous condition of the floor, but had not placed any warning signs to inform patrons that the floor was slippery.[6]

On September 14, 2017, plaintiff filed this lawsuit in state court against defendant DG Louisiana, LLC.[7] Plaintiff asserted that she has suffered injuries to her neck and back as a result of her fall.[8] She claims that her fall was caused by the negligence of defendant's agents or employees, and that defendant is liable for her injuries under the doctrine of res ipsa loquitur.[9]

Defendant removed this action to federal court on September 13, 2018, asserting that the Court has subject matter jurisdiction because the parties are diverse and the amount-in-controversy exceeds $75,000.[10] On

---

4   *Id.*
5   *Id.*
6   *Id.*
7   *See generally id.*  Plaintiff incorrectly referred to defendant as "Dolgencorp, LLC d/b/a Dollar General" in her pleading.  R. Doc. 1 at 1.
8   R. Doc. 1-1 at 3 ¶ 6.
9   *Id.* at 2-3 ¶¶ 4-5.
10  R. Doc. 1.

December 18, 2018, plaintiff moved to remand the matter to state court.[11] Plaintiff does not dispute that there is complete diversity between the parties.[12] Plaintiff instead argues that defendant has not sufficiently shown that the amount-in-controversy threshold has been met.[13]

## II. LEGAL STANDARD

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* at 723. Although the Court must remand the case to state court if at any time before final judgment it appears that the Court lacks subject matter jurisdiction, the

---

[11] R. Doc. 8.
[12] *Id.*
[13] *Id.*

Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

A district court has original jurisdiction in a case in which the amount in controversy exceeds $75,000, and the parties are citizens of different states. 28 U.S.C. § 1332. When a petition filed in state court does not specify the numerical value of the damage claim, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Whether a defendant timely removes a matter to federal court is a separate question from whether the defendant has shown by a preponderance of the evidence that the Court has subject matter jurisdiction. Section 1446(b) addresses the timeliness of removal, and provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. ...

[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3). The time limit in § 1446(b)(1) is triggered by the filing of a petition "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)). But when it is unclear from the petition whether the minimum jurisdictional amount is met, the 30-day window in § 1446(b)(3) is triggered only when pleadings, motions, or other papers make it "unequivocally clear and certain" that the lawsuit is removable. *Id.* at 211.

### III. DISCUSSION

The parties dispute whether defendant has established by a preponderance of the evidence that, at the time of removal, plaintiff was seeking damages in excess of $75,000. The Court finds that defendant has shown that plaintiff's claims exceed the jurisdictional amount. But the Court

5

also finds that plaintiff's petition "reveal[ed] on its face" that plaintiff was seeking damages in excess of $75,000. *Bosky*, 288 F.3d at 210. Because defendant removed this action well more than 30 days after being served with the petition, defendant's removal was untimely. *See* 28 U.S.C. § 1446(b)(1).

Plaintiff did not allege a specific amount of damages in her state court petition, because the Louisiana Code of Civil Procedure precludes such a pleading. *See* La. C.C. art. 893. Plaintiff did allege that she suffered "serious and permanent personal injuries to her neck and back."[14] She also claimed she is entitled to damages for (1) medical expenses, (2) physical pain and suffering, (3) mental anguish, (4) emotional distress, (5), permanent disability, (6) loss of enjoyment of life, and (6) lost wages and "diminished economic horizons."[15] This information in plaintiff's petition was sufficient to establish that plaintiff seeks an amount of damages in excess of $75,000, and to start the removal time limitation in 28 U.S.C. § 1446(b)(1). *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Luckett*, 171 F.3d at 298.

---

14      R. Doc. 1-1 at 3 ¶ 6.
15      *Id.* at 3-4 ¶ 7.

*Gebbia* was also a slip-and-fall case. *See* 233 F.3d at 881. There, the plaintiff alleged that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. *Id.* She claimed damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. *Id.* The Fifth Circuit held that these allegations and damages claims in plaintiff's petition established that the plaintiff was seeking damages in excess of the statutory threshold, despite the plaintiff's post-removal stipulation that she sought damages less than $75,000. *Id.* at 883-84. Here, plaintiff's alleged injuries are similar in severity to the injuries alleged in *Gebbia*. *Id.* at 883. And plaintiff has asserted claims for damages almost identical to the claims the plaintiff asserted in *Gebbia*.[16] In light of this precedent, defendant has shown by a preponderance of the evidence that plaintiff's claim for damages exceeds $75,000.

Because this information was included in the petition, the petition revealed on its face that plaintiff sought damages in excess of the jurisdictional amount, and thus triggered the 30-day removal clock. *Bosky*, 288 F.3d at 210. Defendant concedes in its notice of removal that it removed

---

[16] *Id.*

this case well after 30 days from when it was served with plaintiff's petition.[17] Defendant argued in its notice that it did not have a basis to remove the action at the time of service because "[p]laintiff did not assert a claim for lost wages or a loss of earning capacity in the complaint."[18] This statement is simply incorrect. Plaintiff explicitly states in her petition that she seeks damages for "past, present, and future loss of wages and diminished economic horizons."[19] Defendant's error is ultimately fatal for its opposition to plaintiff's motion. By including a claim for lost wages in her petition, the petition revealed on its face that the jurisdictional amount has been met. *See Gebbia*, 233 F.3d at 883; *Couvillion v. Amica Mut. Ins. Co.*, No. 12-1451, 2012 WL 4372516, at *3 (E.D. La. Sept. 24, 2012) (distinguishing *Gebbia* and ruling that plaintiff's petition did not trigger the 30-day removal period because the plaintiff "did not include claims for wage loss and earning capacity, which would increase the amount in controversy substantially").

Because defendant removed this action more than 30 days after receiving service of the petition, removal was untimely and the action must be remanded.

---

[17] *See* R. Doc. 1 at 4.
[18] *Id.*
[19] R. Doc. 1-1 at 3-4 ¶ 7.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED.

New Orleans, Louisiana, this __11th__ day of March, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE